**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

WANDA ROGERS                                                                                                PLAINTIFF

V.                                                                                  CAUSE NO. 1:09-CV-00096-SA-JAD

O'CHARLEY'S, INC.                                                                                          DEFENDANT

**MEMORANDUM OPINION ON
MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT**

Presently before the Court are the Defendant's Motion to Strike the Affidavit of Kimberly Williams [34] and Motion for Summary Judgment [28]. The Court has reviewed the motions, responses, rules, and authorities. For the reasons stated below, Defendant's Motion to Strike is granted in part and denied in part, and Motion for Summary Judgment is denied.

**Facts and Procedural Background**

Plaintiff, Wanda P. Rogers, was an invitee of Defendant, O'Charley's, a restaurant in Tupelo, Mississippi, on September 26, 2007. Plaintiff fell while exiting the building and sustained injuries resulting in a hip replacement and a hospital stay. Plaintiff filed this action alleging that Defendant was negligent in maintaining its premises. The Complaint alleges that Plaintiff slipped in a puddle of water as she exited the building. Defendant maintains that no water was present at the time of the fall, and moves this court to grant its Motion for Summary Judgment.

**Affidavits in Regards to Summary Judgment**

Rule 56(e) of the Federal Rules of Civil Procedure sets forth parameters for affidavits submitted in support or opposition to a motion for summary judgment. Fed. R. Civ. P. 56(e). The party opposing summary judgment must "by affidavits . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The affidavits must (1) be based on personal knowledge,

(2) set out admissible facts, and (3) show that the affiant is competent to testify. Fed. R. Civ. P. 56(e)(1). The court may strike all or parts of an affidavit if it fails to meet the three requirements. Taylor v. Coastal Securites, Ltd., 45 F. App'x 326, 326-27 (5th Cir. 2002) (affirming the district court's decision to strike portions of an affidavit as the portions were not based on personal knowledge or would have been inadmissible at trial as hearsay).

Here, Kimberly Williams' affidavit includes a statement of competency and eight sentences making factual claims. The statement of competency meets the third requirement of Rule 56(e)(1). Sentences 1-6 meet the other requirements of Rule 56(e)(1) as the affiant spoke from personal knowledge as to her employment and what she saw on September 26, 2007. However, sentence seven (7) states that, "O'Charley's management knew of the water on the floor at that location prior to Wanda Rogers's fall." Affiant's statement is unsubstantiated, conclusory, and provides no detail from which the Court could conclude this information is based on personal knowledge. Therefore, the Court strikes sentence 7 from the affidavit. As to sentence eight (8), the affiant testifies that "management frantically attempted to mop up the water and dry the area where the fall occurred." Defendant contends that this information is inadmissible at trial under Federal Rule of Evidence 407, which provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct [. . . .] This rule does not require the exclusion of evidence of subsequent meausure when offered for another purpose such as proving ownership, control or feasibility of precautionary measure, if controverted, or impeachment.

Fed. R. Evid. 407.

Plaintiff argues that sentence 8 is for impeachment purposes only as sentence 8 impeaches

2

Defendant's claim that no water existed at the time of the fall.  The Court must not allow the introduction of improper evidence under the guise of impeachment.  Hardy v. Chemetron Corp., 870 F.2d 1007, 1011 (5th Cir. 1989).  The impeachment value of sentence 8 is devalued by sentences 4-6 all of which acknowledge the presence of water at the time of the fall.  Therefore, the Court strikes sentence 8 from the affidavit as it is inadmissible as evidence of a subsequent remedial measure.  Accordingly, Defendant's Motion to Strike the Affidavit of Kimberly Williams is granted as to sentences 7-8 and denied as to the remaining portions of the affidavit.

## Summary Judgment Standard

The Court will grant summary judgment, "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  The party seeking summary judgment must inform the district court of the basis for the motion and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The party opposing summary judgment must then go beyond the original pleadings, and cite "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548.  Parties may not rely on conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments to defeat a motion for summary judgment.  SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., F.3d 1069, 1075 (5th Cir. 1994) (en banc); TIG Ins. Co. v. Sedgwick James of Wash., F.3d 754, 759 (5th Cir. 1994).

The Court will resolve factual controversies in favor of the nonmovant, "but only when . .

. both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. If the nonmovant fails to provide any proof, then the Court will not "assume the nonmoving party could or would prove the necessary facts." Id. at 1075.

**Discussion and Analysis**

Generally, in order to prevail on a negligence claim, a plaintiff must prove each of the four elements of negligence: duty, breach of duty, proximate causation, and injury. Lovett v. Bradford, 676 So. 2d 893, 896 (Miss 1996) (citing Palmer v. Anderson Infirmary Benev. Ass'n, 656 So. 2d 790, 794 (Miss. 1995)). Mississippi law creates a duty upon a business owner or operator to keep its premises in a reasonably safe condition and to warn an invitee of dangerous conditions which are not readily apparent. Munford, Inc. v. Fleming, 597 So. 2d 1282, 1284 (Miss. 1992); Jerry Lee's Grocery, Inc. v. Thompson, 528 So. 2d 293, 295 (Miss. 1988). A plaintiff may bring a claim under one of three theories showing that there was a breach of this duty: (1) that defendant's own negligence created a dangerous condition which caused the plaintiff's injury; (2) that defendant had actual knowledge of a dangerous condition, but failed to warn plaintiff of the danger; or (3) that based upon the passage of time, defendant should have known of the dangerous condition. K-Mart Corp. v. Hardy, 735 So. 2d 975, 980 (Miss. 1999) (citing Downs v. Choo, 656 So. 2d 84, 86 (Miss. 1995)).

Here, Plaintiff proffers no proof that Defendant's own negligence created the dangerous condition. However, Plaintiff does contend that O'Charley's had actual notice of the dangerous condition, as Sandra Leuty, a customer and Plaintiff's companion, testified in her deposition that she notified an employee of the presence of water while entering the restaurant. Also, Kimberly Williams, an employee of O'Charleys, submitted an affidavit acknowledging that she knew of the

4

presence of water at the site of the fall. Furthermore, Williams' affidavit contends that the water was "collecting" on the floor inferring that Defendant should have known of the presence of water based upon the passage of time.

Defendant does not attack the ability of Plaintiff to prove that O'Charley's had actual or constructive notice of the presence of water at the site of the fall. The party seeking summary judgment must inform the court of the basis of its motion, and point to specific portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323, 106 S. Ct. 2548. Here, Plaintiff provides testimony to show that at least two of O'Charley's employees knew of the water. This is enough to raise a genuine issue of material fact in regards to notice.

However, Defendant still claims that Plaintiff fails to establish all of the elements of a negligence claim. In particular, Defendant contends that Plaintiff does not establish proximate cause by failing to present evidence that water was present at the site of the fall. The Mississippi Supreme Court has defined proximate cause as the "cause which in the natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred." Delahoussaye v. Mary Mahoney's Inc., 783 So. 2d 666, 671 (Miss. 2001).

Defendant contends that Plaintiff fails to substantiate that the presence of water was the proximate cause of her injury. Defendant relies on an O'Charley's incident report and hospital records to show that water did not exist at the site of the fall. The incident report was filled out by an O'Charley's Manager and one of the Plaintiff's companions, Kimberley Willis. Defendant asserts that subsequent to the accident, Willis informed them that Plaintiff "hung her foot on the corner and tripped as she was leaving the dining area." However, in Willis' deposition, she testified

5

that she never saw Plaintiff fall, and that she told the manager, "Maybe she hung her foot on the corner." The hospital records also indicate that Plaintiff stumbled, lost her balance, and fell; however, there is nothing to show that the records were based on any witness testimony or personal knowledge of the incident. Although the allegations within the incident report and hospital records do speak to a lack of water on the floor, these records are not determinative especially when viewed in light of Plaintiff's argument.

Plaintiff opposes the Motion, relying on the testimony of three witnesses: herself, Leuty, and Williams, to establish that she slipped in a puddle of water on the restaurant floor. Plaintiff acknowledged in her deposition that she did not know what caused her fall. However, she relies on the fact that her pants leg was wet after the fall to prove that she slipped in liquid. Leuty admitted that she did not see the fall occur, yet in her deposition Leuty asserted that the Plaintiff slipped in a puddle of water. Plaintiff's and Leuty's testimonies alone do not provide enough evidence to defeat a Motion for Summary Judgement as they do not cite "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324, 106 S. Ct. 2548.

On the other hand, Williams' testimony does speak to whether or not there was a puddle of water at the site of the fall. Williams' statements that she saw water present at the site of the fall, and that Plaintiff slipped on the water are enough to establish a genuine issue of material fact as to whether or not water was present. Defendant argues that Williams' statements are false and are simply the actions of a disgruntled, former employee. However, it is not the duty of the Court to determine the veracity of a witness' claims under a Motion for Summary Judgment. Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). Therefore, as there is a genuine issue of material fact as to the presence of water on the floor at the scene of the fall and whether or not that

water caused Plaintiff's fall, the Court denies the Defendant's Motion for Summary Judgment.

## Conclusion

Based on the foregoing analysis, Defendant's Motion to Strike the Affidavit of Kimberly Williams [34] is granted in part and denied in part, and Defendant's Motion for Summary Judgment [28] is denied.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 14th day of July, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**